IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

BOBBY J. MOSS,

                    Petitioner,

          vs.

ROB JEFFERYS,

                    Respondent.

**8:23CV242**

**MEMORANDUM AND ORDER**

This matter is before the Court on initial review of Petitioner Bobby J. Moss' ("Moss" or "Petitioner") Petition for Writ of Habeas Corpus brought pursuant to 28 U.S.C. § 2254. Filing No. 1; Filing No. 8.[1] The Court will dismiss the petition because it is a second or successive habeas corpus petition that has not been authorized by the Eighth Circuit Court of Appeals.

## I. BACKGROUND

Moss challenges his 2005 conviction in the Douglas County District Court following a bench trial for second degree murder, use of a deadly weapon to commit a felony, and manslaughter. Filing No. 1 at 1–2. Moss was charged by amended information with two counts of murder in the second degree and two counts of use of a deadly weapon to commit a felony, for shooting Michelle Harlan, a visibly pregnant woman, three times in the back on approximately December 4, 2003, resulting in Harlan's death and the death of her unborn child. *State v. Moss*, No. A-05-1132, 2007 WL 91649, at *1 (Neb. Ct. App. Jan. 16, 2007). The state district court sentenced Moss

---

[1] Moss' petition was unsigned upon filing. *See* Filing No. 1. In response to the Clerk's notice of signature deficiency, Moss filed a supplement to his petition consisting of two additional pages, including the signature page, which had been inadvertently omitted from his petition. Filing No. 8. The Court considers the supplement, Filing No. 8, as part of the petition.

to consecutive sentences of 50 to 70 years' imprisonment for murder in the second degree, 5 to 10 years' imprisonment for use of a weapon, and 10 to 20 years' imprisonment for manslaughter.  *Id.* at *3.

Moss filed a previous habeas action in this Court challenging this same judgment.  *See Moss v. Frakes*, No. 8:16-cv-00479-RGK-PRSE (D. Neb.) (Filing No. 1, habeas petition filed Oct. 24, 2016).  Moss asserted that he was denied the effective assistance of counsel due to counsel's failure to preserve for appeal Moss' constitutional challenge to Neb. Rev. Stat. § 28-392 (murder of an unborn child in the second degree).  Moss also claimed the prosecution committed misconduct by leaning on a cooperating witness not to testify and trial counsel failed to file a timely motion for a new trial raising that issue.  *See Moss v. Frakes*, No. 8:16CV479, 2017 WL 1843072, at *1 (D. Neb. May 5, 2017).  On May 5, 2017, the Honorable Richard G. Kopf denied and dismissed Moss' habeas petition on the merits.  *Id.*  Moss appealed, and the Eighth Circuit Court of Appeals denied Moss' application for a certificate of appealability and dismissed the appeal on September 6, 2017.  Filing No. 23, Case No. 8:16CV479.

Moss filed the present petition on June 5, 2023.  Filing No. 1.  Liberally construed, Moss alleges he is actually innocent of killing Harlan's unborn child because the information, a copy of which Moss recently obtained, shows he "was charged and convicted for the killing of a person who was born and alive at the time . . . [b]ut victim was not born or alive" and Moss' counsel was ineffective in failing to challenge the statutes under which Moss was charged.  *Id.* at 5, 7.  Moss offers a copy of the amended information, which Moss claims shows he was charged for second degree murder of the victim's unborn child under Neb. Rev. Stat. § 28-304, which provides the

penalty for murder in the second degree of a "person," which means "a human being who had been born and was alive at the time of the homicidal act," Neb. Rev. Stat. § 28-302. Filing No. 10 at 10–15.

## II. DISCUSSION

The statutory prohibition against successive petitions by state prisoners is codified in 28 U.S.C. § 2244, which provides in relevant part:

> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless—
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> >
> > (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b).

In *Magwood v. Patterson*, 561 U.S. 320, 332-33 (2010), the United States Supreme Court held that "the phrase 'second or successive' must be interpreted with respect to the judgment challenged." In other words, the phrase "second or successive"

applies to entire habeas petitions, and not to individual claims in those petitions. *Id*. If a petition is deemed successive, the district court lacks "jurisdiction to consider it in the first place," and the district court must dismiss the petition. *Burton v. Stewart*, 549 U.S. 147, 152 (2007). However, dismissal is not appropriate where a petitioner "asserts a new rule of constitutional law or raises new facts that establish the petitioner's innocence of the underlying offense." *Singleton v. Norris*, 319 F.3d 1018, 1023 (8th Cir. 2003); *see also Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). The general bar against abusive or successive claims extends both to new claims which could have been raised or developed in an earlier petition and to successive claims which raise grounds identical to those heard and decided on the merits in a previous petition. *See Vancleave v. Norris*, 150 F.3d 926, 929 (8th Cir. 1998).

This Court's records reflect that Moss' habeas corpus petition is successive. Moss unsuccessfully challenged this same judgment of conviction in earlier federal habeas corpus litigation. *See Moss v. Frakes*, No. 8:16CV479, 2017 WL 1843072, at *1 (D. Neb. May 5, 2017) (Filing No. 15, dismissing petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 with prejudice). The Court's records do not reflect that Moss has received permission from the Eighth Circuit Court of Appeals to again attack this conviction. Thus, this Court is without jurisdiction to consider Moss' allegations, including those asserting his actual innocence. *Buckman v. Nebraska*, No. 4:14CV3014, 2014 WL 2117394, at *1 (D. Neb. May 21, 2014); *see also Pawliszko v. Dooley*, No. CV 15-3994 (ADM/JSM), 2015 WL 9312526, at *2 (D. Minn. Nov. 30, 2015), *report and recommendation adopted*, No. CV 15-3994 (ADM/JSM), 2015 WL 9294350 (D. Minn. Dec. 21, 2015) (habeas petitioner asserting actual innocence claims

4

in successive petition not excused from pre-authorization requirement under 28 U.S.C. § 2244(b)(3)(A)). If Moss wishes to continue to pursue this matter, he should file a motion with the Eighth Circuit Court of Appeals fully addressing the legal requirements for successive habeas petitions set forth in 28 U.S.C. § 2244(b). Because Moss has not sought the Court of Appeals' prior permission to commence this second action, this matter must be dismissed. *Burton*, 549 U.S. at 152 (the district court lacked jurisdiction to entertain habeas petition since prisoner did not obtain an order authorizing him to file second petition).

Lastly, a petitioner cannot appeal an adverse ruling on a petition for writ of habeas corpus under § 2254 unless granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court concludes Moss has failed to make a substantial showing of the denial of a constitutional right. While Moss asserts he is actually innocent, a petitioner making such a claim must "'support his allegations of constitutional error with new reliable evidence . . . that was not presented at trial,'" and demonstrate "'it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Wadlington v. United States*, 428 F.3d 779, 783 (8th Cir.2005) (quoting *Schlup v. Delo*, 513 U.S. 298, 324, 327 (1995)). The Eighth Circuit has determined that "[t]his standard is strict; a party generally cannot demonstrate actual innocence where

there is sufficient evidence to support a conviction." *Id.*  Moreover, "'actual innocence'
means factual innocence, not mere legal insufficiency."  *Bousley v. U.S.*, 523 U.S. 614,
623 (1998) (citation omitted).  Moss' allegation of actual innocence does not come close
to approaching this standard.  Thus, the Court is not persuaded that the issues raised in
the petition are debatable among reasonable jurists, that a court could resolve the
issues differently, or that the issues deserve further proceedings.  Accordingly, the
Court will not issue a certificate of appealability in this case.

IT IS THEREFORE ORDERED that:

1. The habeas corpus petition, Filing No. 1; Filing No. 8, is dismissed without
prejudice to reassertion upon certification by the Eighth Circuit Court of Appeals.

2. No certificate of appealability has been or will be issued in this matter.

3. Petitioner's pending motion for the appointment of counsel, Filing No. 4,
and motion for leave to file a memorandum brief, Filing No. 10, are denied as moot.

4. The Court will enter judgment by separate document.

Dated this 28th day of December, 2023.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge